The opinion of the Court was drawn up by
Wilde J.
That the widow of a mortgager is entitled to
redeem the mortgage, is a necessary inference from the doctrine, repeatedly laid down as the law of Massachusetts, that a widow is dowable of an equity.[1] It is a familiar principle in courts of equity, that every person interested in an estate mortgaged is entitled to redeem ; and this principle is confirmed, if it requires confirmation, by St. 1798, c. 77, by which it is enacted, “ that the mortgager or vendor, or other persons lawfully claiming under them, shall have right to redeem.”[2] If therefore a widow can lawfully claim under her husband, of which there can be no question, she has a right to redeem, by the express words of the statute.
*149 The objection therefore to the plaintiff’s right to redeem is clearly unfounded, unless it can be maintained that a legal assignment of dower is an essential requisite to complete her title. It is true that before such assignment she cannot enter on any part of the land, for it cannot be ascertained in what part her dower will be assigned ; nor can she maintain a writ of entry, for her legal right is inchoate. But an assignment of dower is not necessary to enable her to maintain a suit in equity for the purpose of redeeming the mortgage, because the assignment of dower does not affect her equitable right of redemption, and because she has no right to demand such assignment as against the mortgagee, before she redeems the mortgage. Nor is an assignment of dower by the heirs necessary, because, as will be shown hereafter, she could not redeem a part or parcel of the mortgaged premises, without redeeming the residue also, if required so to do by the mortgagee. The assignment of dower therefore is of no importance, and is not necessary to perfect her title to redeem the mortgage.
It has however been contended, that whatever may be the plaintiff’s right to redeem, it cannot be enforced by the lim ited jurisdiction of this Court. But this objection cannot be maintained ; for it is provided by the statute before referred to, that if the mortgagee shall neglect to deliver possession, and release his right in the mortgaged premises, upon payment or tendering payment of the debt due on the mortgage, the mortgager, or other person claiming as aforesaid, may have his bill in equity, &C.[1] And by the second section the Court is authorized to decree and enter up judgment therein, agreeably to equity and good conscience.[2] This statute, we apprehend, gives us plenary jurisdiction; or if it should be otherwise considered, we clearly have jurisdiction by a subsequent statute, relating to trusts and the settlement of estates.[3]
The next question to be considered is, whether the plaintiff has made out a case which will entitle her to judgment for possession.
*150 It has been argued that by the assignment of the moi .gage t0 defendant, he being possessed of the equity, there was a merger in the legal estate, and an extinguishment of the mortgage ; but the contrary has been determined in an action between the same parties, (Gibson v. Crehore, 3 Pick. 475,) and we think the decision in that case is correct.
Next it was argued, that the administrators are bound to apply the personal estate to the redemption of the mortgage, and that the defendant, being a purchaser with notice, and having covenanted with the administrators to take up and discharge the mortgage, is bound to see to the application of the personal assets for this purpose ; and at all events, cannot now set up the mortgage in contravention of his covenant. Whether such would be the legal effect of the assignment, if the administrators were bound so to apply the personal estate, we do not determine, being of opinion, that as the estate of uibson appears to be insolvent, the administrators are not bound to apply the personal assets to the redemption of the mortgage ; nor have they any right so to do. The creditors’ lien on the personal estate is paramount to the claims of the widow and heirs.
As to the bond or covenant to the administrators, that we think cannot be set up by the plaintiff, she not being a party to it, either by way of estoppel or otherwise. It is a personal obligation, and must be construed as a bond of indemnity to secure the personal estate against any claim for the mortgage debt. But whatever may be the construction of the defendant’s covenant, it cannot affect the plaintiff’s right, she not being a party to it.
Proceeding on these principles, and considering the mortgage as a subsisting incumbrance, we come next to the question, whether the entry and possession of the defendant are sufficient in law to foreclose the mortgage.
To render an entry and a subsequent possession of three years effectual for this purpose, there must have been notice, express or implied, to the person who is to be bound by such foreclosure. The case shows that there has been no express notice , and as the defendant first entered as the purchaser of the equity, notice of the subsequent entry cannot be pre *151 lumed. In the bill the plaintiff denies all knowledge of the entry under the mortgage, and this averment in the bill is not denied by the answer ; so that it seems to be an admitted fact, that the plaintiff had no notice or knowledge of the defendant’s entry to foreclose, and if so, then clearly she is not bound.* [1]
Considering then that the plaintiff’s right to redeem is not extinguished by the defendant’s entry and possession under the mortgage, we are to decide upon what terms and to what extent she is now entitled to redeem.
As the defendant has purchased the equity, as well as the mortgage, it would seem equitable to allow the plaintiff to redeem a third part of the mortgaged premises, by paying her equitable portion of the mortgage debt, according to the vain a of her right of dower as compared with the residue of the estate. But this cannot be done without infringing the defendant’s rights as assignee of the mortgage. He stands in the place of the mortgagee, and has an undoubted right to nsist on his whole debt. Nor can he be compelled to be redeemed by parcels, for by thus dividing the estate, the income or value of the whole may be reduced. The rule therefore is, when several are interested in an equity of redemption, and one only is willing to redeem, he must pay the whole mortgage debt; and the others interested in the equity, who refuse to redeem, are riot compellable to contribute ; for it would be unreasonable to compel a party to redeem, when perhaps it might be for his benefit to suffer the mortgage to be foreclosed. The mortgagee however is not to be entangled with any question which may arise between the owners of the equity, in relation to contribution, but has the right to insist on an entire redemption. If therefore several estates are mortgaged to one mortgagee, and the mortgager afterwards conveys the estates separately to different persons, although each owner of the separate estates may redeem, yet it can only be allowed by payment of the whole mortgage debt.[1] And the party so redeeming will be entitled *152 to hold over the whole estate mortgaged, until he shall be re imbursed what he has been thus compelled to pay beyond his due proportion. He is considered as assignee of the mortgage, and stands, after such redemption, in the place of the mortgagee, in relation to the other owners of the equity. So if there be tenant for life and remainder-man of an equity, either may redeem, but not without paying the whole mortgage. In like manner a dowress or jointress of lands mortgaged may redeem, she paying the mortgage debt, and may hold over, if the heir refuses to contribute, until she and her executor shall be repaid with interest. Palmer v. Danby, Prec. Ch. 137 ; Saville v. Saville, 2 Atk. 463 ; Banks v. Sutton, 2 P. Wms. 716 ; Elwys v. Thompson, 9 Mod. 396 ; 15 Viner, 447 ; Ex parte Carter, Ambl. 733 ; Powell on Mortg. 392, 708, 709, in notis.
If the defendant had redeemed the mortgage, the plaintiff would have been let in by contributing her portion of the mortgage debt, according to the value of her life estate in one third part of the mortgaged premises, in conformity with the rule adopted in the case of Sioaine v. Perine, 5 Johns. Ch. R. 482.[1] But as the defendant, being assignee of the mortgage, insists on the payment of the whole mortgage debt, the plaintiff cannot redeem on any other terms. After redemption, she will hold as assignee of the mortgage, but will be bound to keep down one third of the interest during her life, and may hold over for the residue of the mortgage debt. The defendant must be held to account for the rents and profits from the time of his entry under the mortgage ; for although this entry cannot operate by way of foreclosure, for want of notice to the plaintiff, yet it is sufficient to charge him with the reception of the rents and profits.
The case must be referred to one of the masters in chancery to take an account accordingly, and redemption will be decreed upon payment of the debt which remains due on the mortgage after deducting the rents and profits.
*153 At March term 1828 this casé came before the Court again, upon an agreed statement of facts, the defendant having elected to permit the plaintiff to redeem upon payment of her proportion of the amount due on the mortgage, to be computed in the manner before directed.
The statement of facts contained an account of the rents and profits from November 26, 1817, to February 13, 1818, amounting to 375 dollars, and from February 13, 1818, to October 1, 1827, amounting to 15,276 dollars, and also of the necessary expenses upon the mortgaged premises, amounting to 1,779 dollars.
The parties submitted the question to the Court, whether the defendant was entitled to charge any, and if any, what commission, salary or other compensation, for managing and letting the estates, paying the taxes, collecting rents, and incidental services.
The relative value of the plaintiff’s life estate and the respondent’s reversion in one third part of the premises, was likewise submitted to the determination of the Court.
The parties also submitted it to the Court to direct upon what principle the amount due on the mortgage should be computed, and to determine upon the whole matter, what sum the plaintiff should pay to the defendant to redeem her life estate.
A motion was now made on the part of the defendant to vary the minutes of the former decree, on the ground that he ought not to account for the rents and profits from the time of his supposed entry under the mortgage, but only from the expiration of one month after the plaintiff’s demand on him to be admitted to redeem.
Shaw and F. Dexter, in support of this motion, contended that as the attempt to foreclose was ineffectual for the benefit' of the defendant, it was to be considered as a nullity ; Co. Lit. 245 b ; and the defendant must be considered as having remained in possession as the owner of the equity of redemption. An entry merely to foreclose may leave the mortgager in possession, and in such case the mortgagee will not be liable to account for the rents and profits. The defendant represents both the mortgager and mortgagee, and so long as *154 the plaintiff neglected to bring forward her claim, he had a fight to stand in his character of mortgager. Ex parte Wilson, 2 Ves. & Beames, 252 ; Colman v. Duke of St. Albans, 3 Ves. 25. But if he held as mortgagee, the plaintiff is not entitled to an account as mortgager, but only as a dowress having a mere right to redeem. She did not borrow the money secured, nor was she bound to pay the debt. Her right to an account begins from the defendant’s refusal to let her in to her dower. St. 1783, c. 40. If Brooks still held the mortgage, she might redeem, but she could not call upon the defendant to account for the rents which he has received. Suppose the administrators had conveyed to the defendant an estate in fee ; she could recover damages only from the time of a demand upon him and refusal to assign her dower ; and can she be in a better situation for signing the mortgage than if she had riot signed it ? It is not equitable that she should have an account of the rents and profits before she elects to redeem, thus throwing upon the defendant for ten years the risk of loss by fire and by fluctuation in value. 2 Powell on Mortg. (5th ed.j, 732. In England, by the statute of Merton, a widow is entitled to rents and profits from the death of her husband ; 2 Bac. Abr. 392, Dower, I; but our law is different. The St. 1816, c. 84, applies only to heirs ; Gibson v. Crehore, 3 Pick. 478 ; and the plaintiff must come in as for dower under St. 1783, c. 40.
The arrears of interest paid by the defendant should be considered as part of the principal from the time of payment ; 5 Bac. Abr. Mortgage, F, cites 1 Ch. Cas. 67, 258, — 1 Vern. 169, — 2 Vern. 135 ; and the rents and profits are to be applied to keep down the interest, but not to reduce the principal until the mortgage is redeemed. The general rule is against allowing rests, and the Court will not make an exception in a case like this, where the plaintiff’s claim has lain dormant so long, and there is so much equity on the side of the defendant. Davis v. May, 19 Ves. 383 ; S. C. Cooper, 238.
Whether a mortgagee is entitled to a compensation for taking care of the estate and collecting the rents, has never been settled byr this Court. In England a compensation is *155 not allowed, but the reasons of the English decisions are not applicable to the present case, or to the circumstances of this country. Chambers v. Goldwin, 9 Ves. 272 ; Trimleston v. Hamill, 1 Ball & Beat. 377. The defendant lives a few miles from Boston, and he considers that a commission of five per cent, on the rents received would not be an unreasonable allowance for his trouble and services.
Cooke, for the plaintiff, said in regard to this last point, that a mortgagee or his assignee is entitled only to his principal and simple interest, without any compensation for managing the property. Patch, 149, 150 ; 1 Powell on Mortg. (5th ed.), 296, 297, and note ; 2 Powell on Mortg. 948 ; Coote, 353 ; Davis v. Dendy 3 Madd. Ch. R. 170; Langstaffe v. Fenwick, 10 Ves. 405 ; Gubbins v. Creed, 2 Sch. & Lefr. 218 ; French v. Baron, 2 Atk. 120 ; Bonithon v. Hockmore, 1 Vern. 316 ; Godfrey v. Watson, 3 Atk. 518; Moore v. Cable, 1 Johns. Ch. R. 388 ; St. 1799, c. 77, § 1 ; St. 1785, c. 22, § 2 ; St. 1783, c. 37, § 6. If a compensation is allowed, the amount of it must vary with the circumstances of each case ; which will increase the difficulties in making a tender to redeem.
The plaintiff, in bringing her bill to redeem, stands in the place of a mortgager, and the defendant must account for the rents, either from the time of his entry under the deed from the administrators, or from the time of the assignment of the mortgage. Park on Dower, 330, 331, 332 ; Oliver v. Richardson, 9 Ves. 222 ; Swaine v. Perine, 5 Johns. Ch. R. 492 ; 2 Powell on Mortg. (5th ed.), 951, 952 ; St. 1816, c. 84 ; Parker v. Murphy, 12 Mass. R. 486, 487 ; Newall v. Wright, 3 Mass. R. 156 ; Goodwin v. Richardson, 11 Mass. R. 474 ; Trimleston v. Hamill, 1 Ball & Beat. 377 ; Patch, 205 ; Holridge v. Gillespie, 2 Johns. Ch. R 33.
In regard to rests, he said that the interest paid by the defendant to Brooks having thereby become principal, there was no interest "n arrear ; which was sometimes a reason for not making rests ; and to show that they ought to be allowed m the present case, he cited Robinson v. Cumming, 2 Atk. 410; Gould v. Tancred, ibid. 533 ; Shephard v. Eliot, 4 *156 Madd. Ch. R. 254; Griffith v. Heaton, 1 Simons & Stuart 271 ; Connecticut v. Jackson, 1 Johns. Ch. R. 13.
The motion to vary the minutes of the decree, cannot be sustained. The merits of the case were gone into before, and the Court passed a decree, which is equivalent to a verdict and judgment. Beames’s Eq. Pl. 206.
Wilde J.
delivered the opinion of the Court. This case comes before us again on an agreed statement of facts, accompanied with a motion on the part of the defendant to correct the minutes of a former decree.
The counsel for the plaintiff objects to this motion as irregular, but no authorities have been cited in support of this objection. A hearing hqwever has been requested at some future time, but as we have no doubt of the regularity of the motion, we do not think it proper to delay the cause for this purpose ; especially as all the questions raised by the motion have been fully argued.
According to the English practice, motions to rectify the minutes of a decree may be received at any time before the decree is enrolled ; for before enrolment it is considered incomplete, although pronounced by the chancellor. 2 Mad. Ch. Pr. 375
Here such a motion may be sustained at any time before the decree is recorded,, which is never done until a final decree is pronounced ; so that all interlocutory decrees are considered as resting in minutes, until the final decree is made and recorded. No doubt the Court may, in the exercise of its discretion, refuse to receive a motion to vary the minutes, if there has been any improper and injurious delay in bringing it forward. But in this case, which has been brought before us by consent of parties, no such objection can be made.
It has been also said, that it is irregular to argue a point on a motion to rectify the minutes ; but this also depends on the discretion of the Court; and leave will always be given to argue a question, where an argument is proper and necessary.
Besides, these objections were made after the questions *157 raised by the motion had been argued ; so that the objections, rather than the motion, are to be considered as irregular.
We have therefore taken into consideration the objections made to the former decree, as well as the questions raised by the facts agreed ; and I will now briefly state the opinion of the Court on each.
The first objection to the decree relates to the rents and profits. Of these, it is contended, the plaintiff is not entitled to an account, except from the time when the dower was demanded.
This depends, we think, upon the statutes regulating the terms upon which mortgages may be redeemed; and not upon those which limit the damages to be recovered for the detention of dower.
By one of the former statutes it is provided, that a mortgager, or other person lawfully claiming under him,- may redeem against a mortgagee in possession, by paying the sum due on the mortgage, together with such further sums as have been expended for the advancing and bettering such estate, and for repairs, over and above what the rents and profits thereof, upon a just computation, shall amount to. 8t. 1798, c. 77. A widow therefore of a mortgager, as she claims under her husband, is entitled to the benefit of this provision ; and may have an account of all the rents and profits received by the mortgagee, after his entry, although the entry were made before the death of her husband. The statute makes no distinction, and there can be none in reason, between the mortgager and any one claiming under him having the right to redeem. In every such case the question is, what is- due on the mortgage. And in determining this question, the statute requires that both the expenditures for repairs and betterments, and the rents and profits received by the mortgagee, shall be taken into the computation. It is therefore immaterial, considering the defendant as assignee of the mortgage, whether the plaintiff is entitled to damages for the detention of her dower from the deatn of her husband or not. The question is as to the rents and profits received by the defendant as assignee of the mortgage.
It has been contended that he received them as owner of
*158 the equity, notwithstanding his entry under the mortgage , this entry having been made merely for the purpose of foreclosure ; and that as it has proved ineffectual for that purpose, it ought not to be held binding upon him as to the rents and profits.
But it seems to us wholly immaterial for what purpose a mortgagee may enter ; for if in point of fact he is in possession and receives the rents and profits, he must account for them with the mortgager on a bill to redeem. On this principle, the defendant must be held to account from the time of the assignment of the mortgage. The difference between the time of the assignment and the entry is very inconsiderable in this case, but the principle may be important. Our attention was not drawn to this point at the former hearing, and it was not considered.
The defendant first purchased the equity, and afterwards purchased in the mortgage ; and thereupon elected not to consider the mortgage as extinguished, but to hold the estates separately ; and the question is, whether be was not in under the mortgage. We think that he was, for his title under the mortgage was the legal and better title. Certainly the plaintiff may elect to consider him thus in possession ; because, but for the purchase of the mortgage, she might have maintained a writ of dower against him for her dower in the equity. The plaintiff, being thus prevented from recovering her dower, has an undoubted right to consider the defendant as holding under his legal title. This is not only reasonable, but is also supported by authority.
In the case of Coppring v. Cooke, 1 Vern. 270, the mortgagee had obtained judgment in ejectment and entered into possession of the mortgaged premises, thereby preventing other creditors who had subsequent securities from entering, and yet permitted the mortgager to take the profits ; and it was held that he should be charged with all the profits he had or might have obtained.
The case of Saunders et al. v. Frost,* determined in this Court at the last term for Hampden county, proceeded on a *159 similar principle. The parties were tenants in common of a mortgage, the defendant holding a prior mortgage of the same estate, and the bill was brought for the purpose of redeeming the prior mortgage. The defendant insisted on his right to retain the profits under the mortgage held in common, but he was required to account for them as received under the first mortgage, by which he held the legal estate, which was paramount to his right in common. This case comes clearly within the same principle. And it may be added, that in every case, when nothing to the contrary appears in evidence, the possession will follow the legal estate.
As to the rents and profits received before the assignment of the mortgage, it is clear, that the defendant cannot be held to account for them in this suit; nor, as we think, in any form of action. The language of the statute of 1816, c. 84, is rather obscure, but its meaning seems to be to enlarge the widow’s claim on the heirs, but not to affect the rights of boná fide purchasers ; leaving them to the operation of the former statute. And this we are of opinion is the true construction.
Our next inquiry is, in what manner the account of rents and profits is to be stated ; whether interest is to be allowed, and if it is, to what extent. On this point there are nume rous cases, but no fixed rule. The general course in England has been, to allow interest when the amount of r nts was considerable, otherwise not. The rule would be more simple, (and as I think more just,) to allow interest in all cases, or to consider the rents received as so much paid on the mortgage.
The objection is, that it is hard to compel the mortgagee to receive his debt in driblets ; but the answer is, that such a contingency must be presumed to have been taken into consideration when he took his security. A mortgage, like every other security, has its advantages and its disadvantages ; and when they are known, the person taking such a security has no right to complain. Now every one-who takes a mortgage, must know that the debt may not be paid, and that he may be compelled to enter and to account for the rents and nrofits. This may be an inconvenience, but it is no hardship.
*160 It is true, cases of unexpected difficulty do sometimes occur in England, where it is not uncommon for the mortga* gee to enter without wishing to be at the trouble and expense of foreclosing, and being willing that the mortgager should redeem. And if the possession thus taken is suffered to continue for á great length of time, as sometimes happens, and until the mortgagee may justly suppose that the intention to redeem had been abandoned, it might be difficult for him to account for the rents and profits. But such a case will rarely, if ever, occur in this State, where the foreclosure may be so easily effected and without expense.
But without laying down any general rule, we are of opinion, that in the present case, as the amount of rents is very considerable, the defendant must be held to allow interest. And the interest of the mortgage debt being payable semiannually, semiannual rests are to be made in taking the account of rents and profits.[1]
With regard to the defendant’s claim of compensation for his care and trouble in superintending the estate and receiving the rents, it seems to us reasonable ; and we know of no good reason why it should be disallowed. In England such an allowance is never made, unless where a bailiff has been employed. But the reason for adopting the rule there, as J understand it, does not apply here. In England a trustee is never allowed any pecuniary compensation for his services in discharging the duties of his trust. And a mortgagee (as before foreclosure he holds the estate in trust for the mortgager, if he chooses to redeem) falls within the scope of that ancient rule. Bonithon v. Hockmore, 1 Vern. 316. I am aware that other reasons have been thrown out, but they appear to have little weight in them ; and the true reason of the rule, as I take it, is the one assigned. In this commonwealth the English rule in regard to trustees has never been adopted ;[2] on the contrary, claims of executors and other trustees under wills for compensation for their services in the trust, have been always allowed ; and similar allowances have been made *161 n Virginia, Pennsylvania, and other States. In New York, where the English practice has always been so closely followed, the English rule has been adopted. Green v. Winter, 1 Johns. Ch. R. 27 ; Manning v. Manning, ibid. 527 ; Wilson v. Wilson, 3 Binney, 557 ; 4 Hon. & Munf. 415 ; Granberry's Executor v. Granberry, 1 Wash. 246.
The justice of this rule has been called in question ; we do not however reject it on that ground, but because our i sages and practice are opposed to it; and to adopt it now, when trustees have accepted trusts under the expectation of compensation for their services, would be doing certainly gross injustice.
We are therefore of opinion, that a reasonable sum ought to be allowed to the defendant for his care and trouble in receiving the rents and managing the estate ; and we think five per cent, commissions on the rents received would be a reasonable compensation.
We have fixed the amount, so that the sum due on the mortgage may be ascertained without referring the case to a master. This being ascertained, the plaintiff will be entitled, according to the agreement of the parties, to redeem her dower or life estate in a third part of the mortgaged premises, by paying her proportionable part of the mortgage debts, the proportion to be ascertained by the relative value of the respective shares of the parties in the estate. The value of the plaintiff’s share may be estimated by the same rules which are adopted for estimating the value of life annuities.
The parties will probably be able to agree on an estimate9 b it if not, the subject must be referred to a master.

 See Revised Stat. c. 60, § 2; Walker v. Griswold, 6 Pick. 416; Fish v. Fish, 1 Connect. R. 559; Jackson v. Dewitt, 6 Cowen, 316; Southerin v. Mendum, 5 N. Hamp. R. 431, 432; Smith v. Eustis, 7 Greenl. 41; Carll v Butman, 7 Greenl. 102; Cass v. Martin, 6 N Hamp. R. 25; 4 Kent’s Comm (3d ed.) 44.

 See Revised Stat c. 107, § 13.

 See Revised Stat. c. 107, § 16; Eaton v. Simonds, 14 Pick. 103.

 See Revised Stat. c. 107, § 39.

 See Revised Stat. c. 81, § 8

 See Revised Stat. c. 107, § 10,11, 12; Eaton v. Simonds, 14 Pick. 98.

 See Franklin v. Gorham, 2 Day, 142; S. P. 2 Root, 333; Taylor v. Bassett, 3 N Hamp. R 294.

 See Carll v. Butman, 7 Greenl. 102; Revised Stat. c. 60, § 2; Cass v. Martin, 6 N. Hamp. R. 26; 1 Story’s Comm. Eq. 465.

 Vide post, 259.

 See Reed v. Reed, 10 Pick. 401.

 See Barrell v. Joy, 16 Mass. R. 221.